IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. GOLINA, | ) | CASE NO. 5:10 CV 2594 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Mark A. Golina, for disability insurance benefits and supplemental security income.[1] The parties have consented to magistrate judge's jurisdiction.[2]

After the Commissioner answered the complaint[3] and filed the record,[4] the parties briefed their positions[5] and participated in oral argument.[6]

---

[1] ECF # 1.

[2] ECF # 14.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 12 (Golina's fact sheet); ECF # 16 (Commissioner's brief with charts); ECF # 17 (Golina's brief on the merits); ECF # 19 (Commissioner's reply brief).

[6] ECF # 21.

For the reasons that follow, I will find that the decision of the Commissioner is supported by substantial evidence and, therefore, is affirmed.

## Facts

Golina, who was 43 years old at the time of the hearing in 2010, is a high school graduate with prior work experience as a commodities trader and as a deli clerk.[7]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Golina had severe impairments consisting of polysubstance dependence, including abuse of alcohol, cocaine, marijuana, heroin, and narcotic pain medication (including Oxycontin and Dilaudid); affective disorder variously diagnosed as major depression, bipolar disorder, and substance induced mood disorder; status post abdominal knife wound; status post ventral hernia repair surgery; diabetes mellitus with neuropathy; neuropathic pain; and asthma.[8] The ALJ made the following finding regarding Golina's residual functional capacity (RFC):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, he can lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently. He can sit for six hours and stand and/or walk for six hours in a normal workday. He cannot work around high concentrations of dusts, fumes, gases, or other pulmonary irritants. He is limited to unskilled work involving only simple, repetitive tasks. He is limited to low-stress work that does not involve high production quotas. He is limited to superficial interaction with the public and coworkers.

---

[7] ECF # 12 at 1.

[8] Transcript ("Tr.") at 12.

Based on that RFC finding, and the testimony of a vocational expert, the ALJ found Golina incapable of performing his past relevant work.[9]

Next, the ALJ posed a hypothetical question to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above and asking whether jobs exist for a person with Golina's age, education, work experience, and RFC.[10] Relying on the answer to that question, the ALJ determined that a significant number of jobs existed locally and nationally that Golina could perform.[11] The ALJ, therefore, found Golina not under a disability.[12]

Golina asks for reversal of the Commissioner's decision on the ground that it is not supported by substantial evidence.[13] Specifically, Golina presents three arguments:

(1) Did the ALJ properly weigh the medical sources of record?

(2) Was the ALJ's finding that Golina did not meet or equal a listed impairment supported by substantial evidence?

(3) Did the ALJ properly find that Golina was not credible?

As noted, I conclude for the following reasons that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[9] *Id.* at 19.

[10] *Id*. at 20.

[11] *Id*.

[12] *Id.*

[13] ECF # 17 at 3.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[14]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[15]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[16]

---

[14] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[15] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[17]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[18]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[19] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[20]

---

[17] 20 C.F.R. § 404.1527(d)(2).

[18] *Id.*

[19] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[20] *Id.*

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[21] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[22] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[23] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[24]

In *Wilson v. Commissioner of Social Security*,[25] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[26] The court noted that the regulation expressly contains a "good reasons" requirement.[27] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

---

[21] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[22] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[23] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[24] *Id.* at 535.

[25] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[26] *Id.* at 544.

[27] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[28]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[29] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[30] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[31] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[32]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given

---

[28] *Id.* at 546.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[33] Second, the ALJ must identify for the record evidence supporting that finding." [34] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[35]

In a nutshell, the *Wilson* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[36] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[37] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[38] or that objective medical evidence does not support that opinion.[39]

---

[33] *Wilson*, 378 F.3d at 546.

[34] *Id.*

[35] *Id.*

[36] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[37] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[38] *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

[39] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[40] The Commissioner's *post hoc* arguments on judicial review are immaterial.[41]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[42]

- the rejection or discounting of the weight of a treating source without assigning weight,[43]

---

[40] *Blakley*, 581 F.3d at 407.

[41] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

[42] *Blakley*, 581 F.3d at 407-08.

[43] *Id.* at 408.

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[44]

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[45]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[46] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[47]

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[48] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[49] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[50]

---

[44] *Id.*

[45] *Id.* at 409.

[46] *Hensley*, 573 F.3d at 266-67.

[47] *Friend*, 375 F. App'x at 551-52.

[48] *Blakley*, 581 F.3d 399.

[49] *Id.* at 409-10.

[50] *Id.* at 410.

In *Cole v. Astrue*,[51] the Sixth Circuit recently reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[52]

**B.     Application of standards**

*1.     Substantial evidence supports the ALJ's handling of treating source opinions.*

Essentially, Golina argues here that the ALJ's decision to discount the weight given to treating source opinions because those opinions were not supported in the treatment notes was the ALJ improperly "playing doctor."[53] In that regard, he concedes that the "ALJ did explain his reasons" for discounting treating source opinions, but contends that those reasons "relied on his own interpretation of what belonged in the record to support their opinions, instead of relying on [the treating sources'] expertise and their longitudinal history with the patient."[54]

The Commissioner maintains that the ALJ gave little weight to the functional limitation opinions of treating sources because those opinions lacked the support of objective

---

[51] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

[52] *Id.* at 940.

[53] ECF # 17 at 7.

[54] *Id.* at 6.

-11-

medical evidence.[55] Moreover, he asserts that the governing regulations and Sixth Circuit authority provide that physician opinions should only receive great weight when "they are supported by sufficient clinical findings and are consistent with the evidence."[56]

Here, as Golina acknowledges, the ALJ did properly comply with the articulation requirements. Further, as the Commissioner states, the ALJ need not accept an opinion that has no support in the objective medical evidence. The ALJ in this case specifically noted that the opinion of treating psychiatrist, Thomas Gannon, M.D., indicating that Golina had a number of marked and moderate limitations, was contradicted by the lack of any actual restrictions placed on Golina by the Portage Path facility and by Golina's caring for his elderly grandmother.[57] The ALJ discounted the opinions of a counselor at Portage Path on the same bases.[58]

Similarly, the ALJ discounted the functional limitation opinion from an unknown[59] treating source because, while the source opined that Golina had significant sitting, standing, walking, lifting and bending restrictions, there was no objective medical evidence for any

---

[55] ECF # 16 at 13.

[56] ECF # 19 at 4 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)).

[57] Tr. at 17.

[58] *Id*. at 18.

[59] *Id*. The ALJ identified this as a "treating source with an undecipherable signature from Cuyahoga Falls General Hospital."

sitting or lifting restrictions.[60] Also, as previously stated, the ALJ found that Golina's care for this grandmother was also inconsistent with opinions as to greater functional limitations.[61] The ALJ discounted the opinions of treating physician Leroy LeFever, D.O. for the same reasons.[62]

On this record, the ALJ has conformed to the articulation and "good reasons" requirements for discounting the opinions of treating sources. As Magistrate Judge McHargh recently noted in *Mason v. Commissioner of Social Security*, which presented a similar argument under similar circumstances:

> While it is true that an ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence, an ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding.[63]

Magistrate Judge McHargh further observed in *Mason* that prohibiting the ALJ from evaluating records of a treating source to determine if such records support an opinion from that source "would turn the treating physician rule on its head."[64] Indeed, the rule requires the ALJ to consider whether a treating source's opinion has the support of medically

---

[60] *Id*.

[61] *Id*.

[62] *Id.*

[63] *Mason v. Comm'r of Soc. Sec.*, 2012 WL 669930, at *6 (N.D. Ohio Feb. 29, 2012) (internal quotation marks and citations omitted).

[64] *Id.*

acceptable evidence, not inconsistent with the other evidence in the record, before giving that opinion controlling weight.[65]

### 2.     *The ALJ properly found that Golina did not meet or equal a listing.*

Here, Golina contends that the ALJ did not have a valid basis for concluding that Golina did not meet or equal a listing without the testimony of a medical expert.[66] Golina admits that the decision to use a medical expert is discretionary with the ALJ, but he argues that the facts in his case – *i.e.*, a claimant with a "multitude of impairments, both mental and physical" – required a medical expert to "discuss whether or not equivalence was present."[67] Moreover, he asserts that although state agency reviewing physicians did conclude that he did not meet or equal a listing, those assessments were made without the benefit of evidence from several sources not available at the time of those reviews.[68]

The Commissioner notes, as Golina himself concedes, that "the state agency physicians and psychologist were asked whether [Golina] met or equaled a listing and ... found that he did not."[69] The Commissioner further observes that the signature of these reviewing sources on their reports indicates that the source has been charged with

---

[65] *Wilson*, 378 F.3d at 544.

[66] ECF # 17 at 7.

[67] *Id.* at 8.

[68] *Id.* at 8-9.

[69] ECF # 16 at 16.

-14-

considering the question of medical equivalence.[70] The Commissioner's position that these state agency reviewing source opinions can provide substantial evidence in support of the equivalency finding is well taken.[71]

Although Golina concedes that state agency source opinions, without more, may support a step three finding, he argues nevertheless that they cannot here because medical evidence came into the record after those opinions. Although some source opinions post-date those of the state agency reviewing as discussed above, the ALJ acknowledged those opinions, assigned them weight, and gave good reasons for the weight assigned. The ALJ, therefore, properly relied on the state agency reviewing source opinions in deciding the equivalency issue.

### *3.  Credibility*

Golina maintains that the ALJ did not articulate a valid reason for finding him only partially credible.[72] In that regard, he notes that the basis given by the ALJ for this determination was Golina's statements about caring for his grandmother, his poor work record, and his own acknowledgment that he lied to doctors about his drug use.[73] To this extent, Golina concedes that the ALJ's decision to discount his credibility did contain

---

[70] *Id.* (citations omitted).

[71] *Conn v. Sec'y of Health & Human Servs.*, 7 F.3d 232, 1993 WL 384966, at *1 (6th Cir. 1993) (unpublished table decision).

[72] ECF # 17 at 9.

[73] *Id.* at 10.

specific reasons, supported in the record, as is required.[74] But, Golina further asserts that the ALJ should have also made clear what weight he gave to particular statements.[75]

The Commissioner, for his part, notes that the ALJ fundamentally observed inconsistencies between Golina's testimony about his symptoms and his own testimony about his activities.[76] Moreover, as Golina himself admits, he made inconsistent statements to his physicians about his drug use.[77] All of the grounds, the Commissioner states, are sufficient reasons for the ALJ to discount credibility.[78]

In articulating reasons for discounting a claimant's credibility, the ALJ must provide enough of an assessment to assure the reviewing court that he or she has considered the relevant evidence and be specific enough to permit the court to trace the path of the ALJ's reasoning.[79] The ALJ's credibility finding is entitled to deference and should not be disturbed absent compelling reasons.[80] Here the ALJ has given specific reasons for discounting Golina's credibility, and I am able to trace the path of his reasoning. No compelling reason exists to disturb the credibility finding.

---

[74] *Id.*

[75] *Id.*

[76] ECF # 19 at 6.

[77] *Id.*

[78] *Id.*

[79] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

[80] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

## Conclusion

Substantial evidence supports the finding of the Commissioner that Golina had no disability. Accordingly, the decision of the Commissioner denying Golina disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: March 14, 2012				s/ William H. Baughman, Jr.
						United States Magistrate Judge